# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2543 | **DATE** | 11/4/2010 |
| **CASE TITLE** | USA vs. Span | | |

**DOCKET ENTRY TEXT**

Albert Span's motion for leave to file pro se motion under Rule 59(e) [#45] is granted. Span's motion for an order relieving attorney Gary Ravitz [#46] is granted. Span's motion to reconsider [#49] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pursuant to Federal Rule of Civil Procedure 59(e), Albert Span asks the court to reconsider the denial of his § 2255 petition. A motion under Rule 59(e) is a vehicle to direct the court's attention to newly discovered evidence or a manifest error of law or fact. *Russell* v. *Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule enables a district court to correct its own errors, sparing the parties and the appellate court the burden of unnecessary appellate proceedings. *Charles* v. *Daley*, 799 F.2d 343, 348 (7th Cir. 1986). A Rule 59(e) motion may be appropriate when "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted) (internal quotation marks omitted). A Rule 59(e) motion is not a mechanism to re-argue issues that have already been decided or to present new issues that could have been presented but were not. *See Bordelon* v. *Chi. Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000). None of Span's arguments warrant reconsideration, although the court will briefly address each in turn.

Span first argues that the court did not properly resolve his request for access to his criminal files. Span argued that his trial counsel was ineffective in failing to turn over material to him posttrial. The court concluded that any prejudice that may have resulted, which Span described as having to file his initial § 2255 petition "almost in the blind," Dkt. No. 3 at 16, was cured by the court's appointment of counsel, counsel's access to all case materials, counsel's filing of an amended petition, and the court's consideration of this amended petition. Span's challenges to this conclusion do not meet the standard for reconsideration. While he may now take issue with his § 2255 counsel's performance, this does not go to whether his trial counsel was ineffective for failing to turn over his case file.

Span's second argument, that the court ignored the fact that Span may have pleaded guilty if he had been properly advised of the overwhelming evidence against him is a new argument, one that could have been properly presented in Span's prior filings but was not. A Rule 59(e) motion is not the appropriate place to make such an argument. *Bordelon*, 233 F.3d at 529. While the papers attached to Span's motion indicate

| STATEMENT |
|---|

that he raised this with counsel after his amended petition was filed, it was never properly presented to the court. As Span recognizes, prisoners do not have a constitutional right to counsel on collateral review, *Pennsylvania* v. *Fairley*, 481 U.S. 551, 556, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), and, even where a prisoner does have such a constitutional right, counsel is not required to advance every argument urged by the prisoner. *See Jones* v. *Barnes*, 463 U.S. 745, 753–54, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983).

     Span also complains that the court did not address his claim that trial counsel was ineffective for failing to interview and call Angel Epps. While this claim was presented in his initial petition, it was not incorporated into the amended petition and thus not addressed. "An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*." *Nisbet* v. *Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955). Further, as no affidavit of her testimony was presented, the court could also not have properly considered this claim.

     The court does not find counsel's failure to procure affidavits from Nash, Savage, and Lee to amount to a manifest injustice warranting reconsideration of its judgment. From the exhibits attached to Span's motion, it is clear that counsel made a tactical decision not to obtain affidavits from these individuals, concluding that prejudice could not be shown even if the individuals testified as Span claimed they would.[1] While the court did not conduct a prejudice analysis in its opinion, it agrees with counsel that whatever the testimony of these individuals would have been, failure to call them was unlikely to have a substantial effect on the outcome of Span's trial.

     Span further contests the court's failure to address the arguments raised in his February 2009 pro se motion to amend his petition, Dkt. No. 39. The court noted that these arguments were not properly before the court as the motion was not properly noticed and no response was solicited from the government. Even were the court to have considered these grounds, they would not have been meritorious. His first claim, that sentencing counsel was ineffective for failing to object to the sentencing enhancement in 2D1.2(a)(1), is unfounded, as the enhancement was appropriate. Span was convicted of violating 21 U.S.C. §§ 841(a)(1), 846, and 860(a). Section 860 is specifically listed as one of the statutory provisions warranting the 2D1.2(a)(1) enhancement. His second claim, that trial counsel did not use materials available to cross-examine Allison and Epps, fails for the same reasons discussed in the court's opinion, namely that review of Carullo's cross-examination of these witnesses shows that it was effective in the face of the overwhelming evidence against Span.

     Span has not presented the court with any additional newly discovered evidence or other valid basis for reconsidering its decision that an evidentiary hearing was not necessary. As the court stated in its opinion, even if Span's factual allegations were proven, he would not be able to establish that counsel's failings prejudiced him. As a result, an evidentiary hearing would not have changed the court's conclusion that Span is not entitled to habeas relief.

     Finally, the court is now required to grant or deny a certificate of appealability at the time it enters its final order. While Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the court *may* direct the parties to submit arguments on whether a certificate should issue" (emphasis added), this is a discretionary procedure and one the court chose not to use in this case. It declines to reconsider this decision.

---

1. Counsel did obtain affidavits from several individuals, presumably those who he believed would have information that might warrant habeas relief.